STATE v. McGEE.

1. CHARGE.—A Judge may charge the jury before any evidence is introduced, but in doing so he must take the chances that it will apply to the facts afterwards adduced, and it must be considered as a part of his general charge.

2. WITNESS—CROSS-EXAMINATION—WAIVER.—Failure to object to questions asked by solicitor of a witness for defense, is not a waiver of right to object to propounding similar questions to defendant.

3. IBID.—CROSS-EXAMINATION—PRACTICE.—A DEFENDANT may be examined on any matter tending to make out the State's case, whether testified to by him in chief or not.

4. LIQUOR—"CONTRABAND"—DISPENSARY LAW—INTERSTATE COMMERCE.—Liquor purchased from without the State for personal use is not "contraband," simply because the purchaser does not procure and attach to it from State chemist a certificate of purity, as provided in the dispensary law.

5. VERDICT—JEOPARDY—CRIMINAL LAW.—A verdict, "We find A. B. guilty under the first and third counts, we disagree as to the second," is a verdict of guilty as to the first and third counts, and not guilty as to the second; but when the judgment thereon is reversed on appeal, defendant is not acquitted on the second count.

Before BENET, J., Greenwood, March term, 1898. Reversed.

Indictment against Randolph McGee. From verdict and sentence defendant appeals.

*Messrs. Giles & Magill* and *Graydon & Graydon,* for appellant. *Mr. Ellis G. Graydon* cites: *Discretion of continuance may be abused:* 50 S. C., 403. *Ordering whiskey for personal use is not a crime:* 170 U. S., 438.

*Mr. Solicitor T. S. Sease,* contra, cites: *As to what exceptions can be considered on appeal by this Court:* 39 S. C., 13; 22 S. C., 309; 1 S. C., 29; 2 S. C., 238; 35 S. C., 609; 4 S. C., 544; 18 S. C., 545. *Constitutional point not raised on Circuit cannot be decided on appeal by this Court:* 21 S. C., 432; 26 S. C., 351. *As to what is necessary for party alleging error of law to show:* 17 S. C., 309, 72; 6 S. C., 410. *As to discretion of Judge in continuances:* 48 S. C., 2; 33 S. C., 107, 582; 42 S. C., 309. *As to presumptions:* Disp. Act 1896, 1st sec., page 123.

June 3, 1899. The opinion of the Court was delivered by

MR. JUSTICE GARY. The indictment under which the appellant was tried contained three counts—the first charging that he sold liquor, the second that he maintained a nuisance by keeping a place where persons habitually congregated for the purpose of drinking contraband liquor, and the third that he had in his possession contraband liquor.

The exceptions raise several questions; the first of which we will consider is, whether there was error on the part of his Honor, the presiding Judge, in charging the jury before any evidence was offered. No specific error is alleged, but it is contended that it is contrary to the custom and practice in this State, and in disregard of the rule, that the charge must have some relevancy to the facts of the case. There is no inhibition against a Judge

charging the jury before the evidence is introduced, but the preliminary charge must be construed with reference to the testimony thereafter introduced, and as forming a part of the general charge. A proposition of law may be correct when construed with reference to one state of facts, and yet may be misleading and erroneous when considered in connection with a different state of facts. When a Judge charges the jury before the evidence is introduced, he takes the chances that it will be applicable to the state of facts developed by the testimony, and that, although it may state sound propositions of law, it may be misleading and erroneous, on account of being inapplicable to the facts of the particular case. The exceptions raising this question are overruled.

The next question which the Court will consider is, whether the presiding Judge erred in allowing the solicitor to ask, and in requiring the defendant upon cross-examination to answer, certain questions, tending to prove facts which, it is alleged, should have been proved by the State, upon its examination in chief; in other words, whether the State had the right to develop its case upon cross-examination of the defendant, or was it confined in its cross-examination simply to the state of facts, with reference to which the defendant testified. It was contended by the State that the defendant had waived the right to insist upon this objection, by failing to object to similar testimony when another witness was examined. This was not a waiver, but it would have been a waiver if the party objecting had afterwards himself introduced similar testimony, for having received the benefit of such testimony, he would be estopped from objecting to its competency. The question raised by this exception has been decided several times by this Court; and it is only necessary to refer to the cases of *Kibler* v. *McIlwain,* 16 S. C., 550; *Owens* v. *Gentry,* 30 S. C., 490; *Willoughby* v. *R. R. Co.,* 32 S. C., 427, and *Sims* v. *Jones,* 43 S. C., 91, to show that the exception raising this question cannot be sustained.

The next question to be considered is, whether the presiding Judge erred in charging the jury in said preliminary charge that all spirituous liquors are presumed to be contraband unless they have been purchased at a dispensary, or, if lawfully purchased elsewhere, have the certificates required by the dispensary law attached to them. In his general charge the presiding Judge used the following language: "The third count charges that Randolph McGee has been guilty of storing and keeping in possession contraband liquors. Contraband is the word used in the dispensary law, and is given a definite meaning with reference to that law, and it means any alcoholic liquors which have not been purchased at a dispensary, or, if imported for personal use, have not attached to the vessels in which the liquors are poured—bottles, or baskets, or jugs, or boxes, or crates, or kegs, or the like—certificates which the State commissioner, under the law, is permitted to furnish, to throw the protection of the law around such liquors. I do charge you that the dispensary law allows citizens of the State to purchase outside of the State alcoholic, spirituous, intoxicating liquors for personal use; but when they do so, they must comply with the section which permits that, and I shall read a part of it to you. Let me see what the citizen has to do who wishes to import for personal use such liquors: 'Any person resident of this State, intending to import for personal use and consumption any spirituous, malt, vinous, or brewed liquors, shall first certify to the chemist of the South Carolina College the quantity and kind of liquor proposed to be imported, together with the name and place of business of the person, firm, or corporation from whom it is desired to purchase, accompanying such certificate with the statement that the proposed consignor has been requested to forward a sample of such liquor to the chemist at Columbia, S. C.' But further on: 'Any package of spirituous, malt, vinous, fermented, brewed, or other liquor containing alcohol, imported into this State without such certificate, or any package containing liquor other than described in the certificate,

thereto attached, or any package shipped by or to any person not named in such certificate, shall be seized and confiscated as provided, &c.' Such liquor is contraband. Therefore, you are to inquire, from the testimony in this case, if any spirituous liquors were found in the possession, kept or possessed by Randolph McGee. If so, was it imported by him for personal use? If so, has he complied with the law in having the certificate which, as I have read to you, the law provides shall be attached to such liquors?" There was testimony tending to show that the appellant ordered whiskey, and that it was for his own personal use. It does not appear from the testimony whether the liquor was shipped from a point within or without the limits of the State, but this was a question to be determined by the jury. It must be remembered that the appellant did not have the right to order the liquor from any place within the State, while he had the right to order from a point beyond the limits of the State. In construing the section of the dispensary law, from which the presiding Judge quotes, Mr. Justice White, in the case of *Vance* v. *Vandercook,* 170 U. S., 438, uses this language: "As the law directs that a sample of the liquor proposed to be shipped shall be sent to the State officer in advance of the shipment, and as a prerequisite for obtaining permission to make a subsequent shipment, it is claimed in argument, that this is an inspection law, passed for the purpose of guaranteeing the purity of the product to be shipped into the State for the use of a resident therein, and, therefore, it is but a valid manifestation of the police power of the State, exerted for the purposes of inspection only. But it is obvious that this argument is unsound, as the inspection of a sample sent in advance, is not in the slightest degree an inspection of the goods subsequently shipped into the State. The sample may be one thing, and the merchandise which afterwards comes in another. It is, hence, beyond reason to say that the law provides for an inspection of the goods shipped into the State from other States, when, in fact, it exacts no inspection whatever. Conceding, without deciding, the power

of the State, where it has placed the control of the sale of all liquor within the State in charge of its own officers, to provide an inspection of liquors shipped into a State, by residents of other States, for use by residents within the State, it is clear that such a law, to be valid, must not substantially hamper or burden the constitutional right on the one hand to make and on the other to receive such shipment. A law of this nature must at least provide for some inspection of the article to justify its being an inspection law. The power of the State to inspect an article, protected by the guaranties of the Constitution, because intended only for use and which cannot be sold, is, in the nature of things, restrained by limitations arising from the constitutional provisions, of a more restricted nature than would be the power to inspect articles intended for sale within the State. The greater harm and abuse which might arise. in the latter case suggests a wider power than is incident to the other." The charge of the presiding Judge was in conflict with the construction of this section by the Supreme Court of the United States, and the exceptions raising this question must be sustained.

The next question that will be considered.is, whether there was error in charging the jury, that they had the right to find the defendant guilty, under one or two of the counts in the indictment, and to disagree as to the other one or two. The case contains the following statement: "After the jury had been in their room for some time, the foreman came into the Court room and asked the presiding Judge, if the jury had the right to find the defendant guilty on one or two of the counts in the indictment, and make a mistrial as to the other or others, and the presiding Judge told them they might do so. He subsequently had the jury brought into the Court room, and repeated to them what he had said to the foreman." The jury finally came into the Court room with the following verdict: "We find Randolph McGee guilty under the first and third counts, we disagree as to the second count." In the A. & E. Enc., vol. 28, page 375, the

law is thus correctly stated: "A partial verdict is one by which the jury, in a criminal case, acquit the defendant as to part of the accusation, and find him guilty of the residue. The conviction may be on one of several counts, each charging a distinct offense, with a discharge upon the others, either in express terms or by silence, which is regarded as a constructive acquittal." So that if the jury had simply said: "We find Randolph McGee guilty under the first and third counts," this would have been a complete, certain and valid verdict as to all the counts in the indictment. Let us, then, see what was the effect of the additional words: "We disagree as to the second count." In the case of *Wickham* ads. *City Council*, 2 Sp., 371, the Court says: "It is only where a verdict, before certain and valid, according to a fair construction, has been cumbered by the addition of useless matter, not qualifying the previous meaning, that the addition can be rejected as surplusage." The additional words: "We disagree as to the second count," did not qualify the previous meaning, and are, therefore, to be regarded as surplusage. A verdict finding the defendant guilty under the first and third counts, would necessarily have presupposed one of two things, to wit: either that the jury had found him not guilty under the second count or that they had disagreed as to that count, but were willing to render a verdict of guilty as to two counts, the practical effect of which, in law, would be to acquit him on the second count. When a verdict is entered which is not afterwards set aside at the instance of the defendant, and the jury discharged from the further consideration of the case, its effect is to acquit the defendant of all the counts in the indictment, although the jury may have found him guilty on a less number than the whole of the counts; otherwise he would be subject for the same offense to be put in jeopardy of life or liberty a second time. Jurors who are unwilling to acquit a defendant on *any* of the counts in the indictment should refuse to agree except upon a general verdict of guilty. As the verdict in this case must be set aside, and in order that the Court may

not be misunderstood, we take occasion to say that the defendant cannot claim an acquittal under the second count. *State* v. *Commissioners,* 3 Hill, 239.

The defendant also excepts to the ruling of the presiding Judge in refusing to continue the case; but as the case must be remanded for a new trial, that is no longer a practical question, and those exceptions will not be considered, especially as the rule in such cases is already well settled in this State.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the case remanded for a new trial.

Messrs. Justices Pope and Jones. Since the decision in State *v.* Holleyman, we feel bound to concur.