## STATE v. GILLIS.

1. FORMER JEOPARDY—WAIVER.—A defendant indicted for murder and convicted of manslaughter, which verdict was set aside on his own motion, may be again tried for murder on same indictment.

2. EVIDENCE—CIRCUMSTANTIAL—MANSLAUGHTER.—All the elements making up manslaughter may be proved by circumstantial evidence.

Before ALDRICH, J., Barnwell, Summer Term, 1905. Affirmed.

Indictment against D. A. Gillis for murder of Nellie Galphin. From sentence on verdict of manslaughter, defendant appeals.

*Mr. G. M. Green,* for appellant, cites: 40 S. C., 362; 1 Bish. Cr. L., secs. 1004, 1056; Whart. Cr. Pl. and Proc., sec. 465; 29 S. E., 527; 11 Ency., 1 ed., 939, 940, and cases cited in notes.

*Assistant Attorney General Leroy F. Youmans,* contra, cites: 1 Bish. Cr. L., 5 ed., secs. 995, 805-6, 117, 996, 118; Walker's Am. L., 690; 8 Kan., 242; 48 Ind., 551; 1 Blackf., 37; 1 Parker C. C., 625; 1 Wal. J. R., 127; 57 Fed. R., 581; 8 Rob., 587; 17 Ia., 329; 97 U. S., 521; 14 Ency. P. and P., 992, note 5.

February 24, 1906. The opinion of the Court was delivered by

MR. JUSTICE JONES. The appellant was indicted and tried for the murder of Nellie Galphin and was convicted of manslaughter. Upon his own motion a new trial was granted by the Court of General Sessions. Thereafter the defendant was again put upon his trial under the same indictment and entered a special plea, that having been already tried upon an indictment for murder and found guilty of manslaughter, he was thereby acquitted of murder and could only, if at all, be tried for manslaughter. The trial Court sustained the State's demurrer to the plea and ordered on the trial upon the original indictment. Upon the second trial appellant was again convicted of manslaughter and was sentenced to the penitentiary at hard labor for thirty years. By his exceptions appellant renews his contention in this Court.

The authorities practically agree on the proposition that when one indicted for murder is convicted of manslaughter, and, upon his own motion, secures a new trial, he may be tried upon the same indictment for manslaughter, upon

the ground that he is deemed to have waived his right to plead former jeopardy as to the particular issue upon which he secured a new trial. Inasmuch, therefore, as appellant has only been convicted of manslaughter, we might dispose of this question by holding that, even if there was error in the ruling, appellant has not been prejudiced thereby. But the question sought to be raised is one of grave importance in the administration of criminal law, and we prefer to consider and decide it.

Art. I., sec. 17, of the Constitution, provides: "Nor shall any person be subject for the same offense to be twice put in jeopardy of life and liberty." This is a great right guaranteed by the Constitution, but, like other rights, may be waived by the accused. *State* v. *Faile*, 43 S. C., 57, 20 S. E., 798. The real question is as to the extent to which the accused is to be held to have waived this right when he procures a new trial on conviction for manslaughter on indictment for murder. As stated above, the authorities generally hold that the waiver certainly extends so far as to permit a new trial on the same indictment for the offense of which the accused was convicted. Our investigation discloses that the greater number of authorities in other States take the view that a verdict of manslaughter is an acquittal of murder, and that a new trial granted on motion of the accused upon conviction of the lesser offense is not to be considered as a new trial for the greater offense of which he was acquitted, as the accused should not be deemed to have waived his right in so far as he was acquitted. Of the cases taking this view we cite: *State* v. *Hornby* (La.), 41 Am. Dec., 314; *Hurt* v. *State* (Miss.), 59 Am. Dec., 225; *People* v. *Gilmore* (Cal.), 60 Am. Dec., 620; but see *People* v. *Keefer*, 65 Cal., 232, said to be in conflict; *State* v. *Jones* (Tex.), 62 Am. Dec., 550; *State* v. *Martin* (Wis.), 11 Am. Rep., 567; *Johnson* v. *State* (Ark.), 21 Am. Rep., 154; *State* v. *Cross* (W. Va.), 29 S. E. Rep., 527.

There are States which have statutes providing that "the granting of a new trial places the parties in the same position

as if no trial had been had," and in such States it is held
that the accused waives the constitutional safeguard against
being twice put in jeopardy, and that he may be tried again
for murder when he procures a new trial on conviction of
manslaughter.  *State* v. *McCord* (Kan.), 12 Am. Rep.,
469; *Veatch* v. *State,* 60 Ind., 291; *People* v. *Palmer,* 109
N. Y., 413, 4 Am. St. Rep., 477; *Commonwealth* v. *Arnold*
(Ky.), 4 Am. St. Rep., 114.

If the constitutional provision, art. I., sec. 17, guarantees
that a conviction for manslaughter is an acquittal for mur-
der, even though the conviction be set aside upon the ac-
cused's own motion, it is rather difficult to see how a statute
providing that "the granting of a new trial places parties
in the same position as if no trial had been had" could be
valid to annul the constitutional right.  If it be so that such
statutes are valid and effective in enlarging the effect of the
accused's waiver involved in procuring a new trial, then
the same effect should follow when the decisions of the
judicial department establish a like rule, as in both cases the
question is, the effect of a voluntary act of the accused pro-
ceeding under the rules of law.

In the case of *State* v. *Commissioners,* 3 Hill, 239, the
Court held that when a new trial is ordered at the instance
of the defendants, upon a conviction on one of the counts
in an indictment, the case stands as though it had never been
tried, and that defendants may be tried anew on both counts.
The Court said: "The defendants were found guilty only
on one count, and upon appeal the verdict was set aside and
a new trial ordered.  The verdict was set aside in favor of,
and at the instance of, the defendants, who were found
guilty.  There is nothing in the record that could avail them
by way of plea in bar to another prosecution.  If the verdict
of guilty had remained, it would have protected them, per-
haps, from another indictment for the same offense.  As
long as the verdict of guilty remained on the record there
was a finding; but what proceeding is there now on it?  I
consider all the proceedings on the indictment, since the

21—73

finding of the grand jury, to be set aside; and set aside at the instance and for the benefit of the defendants. The case stands as though it never had been tried. The defendants contended that a verdict of guilty on one count led to the conclusion that they were acquitted on the other; that is, that omitting to find on one count and finding on the other is an exclusion of guilt to the extent not passed on by the jury. Such inference could not have been fairly drawn from what was apparent on the record; and the inference can not be drawn when all the proceedings on the record are obliterated." The rule declared above was recognized and enforced in *State* v. *McGee,* 55 S. C., 247, 33 S. E., 353, and the case was remanded for a new trial on all the counts in the indictment, notwithstanding the defendant had been convicted on the first and third counts, and in legal effect acquitted on the second, but a new trial having been granted on his motion, the effect was to remove the inference of acquittal on the second count. It is true this rule was applied as to offenses not capital, but the constitutional provision applies equally to offenses involving liberty as well as to offenses involving life as a penalty. The defendant must be held to have made his application for a new trial in view of the rule of law above declared, and must be deemed to have understood as plainly, as if a statute had so declared, that a new trial meant a rehearing upon the whole indictment as if no trial had taken place thereon.

In the case of *State* v. *Stephenson,* 54 S. C., 234, 237, 32 S. E., 305, in considering sec. 17, art. I., of the Constitution, the Court used this language: "According to the decisions of this State and the weight of authority elsewhere, it may be stated, as a general rule, that one is in jeopardy when a legal jury is sworn and empanelled to try him, upon a valid indictment, in a competent Court, unless the jury before reaching a verdict be discharged with the prisoner's consent, or upon some ground of legal necessity, or the verdict if rendered be set aside according to law." So in *State* v. *McGee, supra,* the Court declared: "When

a verdict is entered *which is not afterwards set aside at the instance of the defendant* (italics ours) and the jury discharged from the further consideration of the case, its effect is to acquit the defendant on all the counts in the indictment, although the jury may have found him guilty on a less number than the whole of the counts; otherwise he would be subject for the same offense to be twice put in jeopardy of life or liberty a second time."

It is undoubtedly true that the legal effect of a verdict of manslaughter on an indictment of murder is to acquit of the greater offense. This implication or inference, however, rest upon the *existence* of the verdict of manslaughter as the result of a trial upon the indictment for murder. Remove the fact upon which the inference is based, and necessarily the inference goes with it. The trial for murder involves three principal issues: 1. Whether there was an unlawful killing; 2. whether the defendant committed it; 3. whether it was done with or without malice. A verdict of manslaughter involves a finding on each of these issues, and the effect of setting aside such verdict must necessarily be to set aside the finding on all of said issues and leave them open for further trial. The jury said on the third issue there was no malice, but their finding on this issue was set aside on defendant's motion. The defendant concedes that the first and second issues must be relitigated; can it be possible under any proper view of the doctrine of waiver, that the third issue must forever remain settled in favor of the defendant when to secure a new trial he must necessarily ask that it be retried?

In the convincing language of the Ohio Court, in *State* v. *Behimer,* 20 Ohio St., 572, published in full in note 14, Am. Rep., 752: "The effect of setting aside the verdict finding the defendant guilty was to leave at issue and undetermined the fact of the homicide; also the fact whether the defendant committed it, if one was committed. The legal presumption on this plea of not guilty was of his innocence; and the burden was on the State to prove every essential

fact. The only effect, therefore, that could be given to so much of the verdict as acquitted the defendant of murder in the first degree, after the rest of it had been set aside, would be to regard it as finding the qualities of an act while the fact of the existence of the act was undetermined. This would be a verdict to the effect that, if the defendant committed the homicide, he did it without 'deliberate and premeditated malice.' There can be no legal determination of the character of the malice of a defendant, in respect to a homicide which he is not found to have committed; or rather, of which, under his plea, he is, in law, presumed to be innocent. The indictment was for a single homicide. The defendant could, therefore, only be guilty of one offense, and could be subject to but one punishment. The degree of the offense differed only in the *quo animo* with which the act causing the homicide was committed. The question of fact was whether a criminal homicide had been committed, and, if so, whether the circumstances of aggravation were such as to raise it above the grade of manslaughter. If the finding as to the main fact be set aside, the finding as to the circumstances necessarily goes with it."

The following cases hold to the same view: *Trono* v. *United States,* 26 Sup. Ct. Rep., 125; *Bohanan* v. *State,* 18 Neb., 57, 53, Am. Rep., 791; *State* v. *Kessler* (Utah), 62 Am. St. Rep., 911; *State* v. *Bradley,* 67 Vt., 465; *Bailey* v. *State,* 26 Ga., 579, appears to be the same effect; but see *Waller* v. *State,* 30 S. E. Rep., 835, resting the view upon the provision in the Constitution of 1865. We think that the weight of reason is on the side of the cases holding this view, and that such is the logical result of the decision of our own Court.

Another question raised by the exceptions is whether manslaughter can be proved by circumstantial evidence. The *corpus delicti* consists of two elements; (1) the death of a human being, (2) criminal agency in producing said death. The weight of modern authorities is to the effect that all the elements constituting the *corpus*

*delicti* may be proved by circumstantial evidence. *State* v. *Martin,* 47 S. C., 71, 25 S. E., 113; see, also, note 68, L. R. A., 75. There is no reason to doubt that the connection of the accused with the homicide may be shown by cicrumstantial evidence. In all cases to justify a conviction, the evidence, whether direct or circumstantial, must be of such a character as to leave no room for reasonable doubt that all the elements constituting the offense are established.

The judgment of the Circuit Court is affirmed.