## 6938

### STATE v. HAMILTON.

FORMER JEOPARDY.—Where a verdict of not guilty is entered by order of the Court as to one count in an indictment and the jury returns a verdict of guilty as to the second count, and on appeal by defendant judgment is set aside and new trial granted, and solicitor hands out a new bill charging same offenses, defendant cannot plead former jeopardy as to the first count.

Before KLUGH, J., Pickens, February, 1908.    Affirmed.

Indictment against Samuel Hamilton for burglary and larceny. The defendant was indicted and tried September, 1906. Having been then convicted of larceny, he appealed, the Supreme Court granted a new trial, and at fall term, 1907, he was arraigned on the following indictment:

"At a Court of General Sessions, begun and holden in and for the County of Pickens, in the State of South Carolina, at Pickens, in the county and State aforesaid, on the fourth Monday of September, in the year of our Lord one thousand nine hundred and seven,

"The jurors of and for the county aforesaid, in the State aforesaid, upon their oath, present, that Sam Hamilton, on

the 15th day of May, in the year of our Lord one thousand nine hundred and six, at the hour of ten in the night of the same day, with force and arms, at Pickens, in the county and State aforesaid, the dwelling house of one W. R. Wyatt, there situate, feloniously and burglariously did break and enter with intent the goods and chattels of W. R. Wyatt, in the said dwelling house, then and there being, then and there feloniously and burglariously to steal, take and carry away, against the form of the statute in such case made and provided, and against the peace and dignity of the State.

"And the jurors aforesaid, upon their oath aforesaid, do further present, that the said Sam Hamilton, on the 15th day of May, in the year of our Lord one thousand nine hundred and six, with force and arms, at Pickens, in the County of Pickens and State aforesaid, one watch and necklace of the value of $50, of the proper goods and chattels of Addie Wyatt, then and there being found in W. R. Wyatt's house, feloniously did steal, take and carry away from said dwelling house, against the form of the statute in such case made and provided, and against the peace and dignity of the State."

To this he interposed the following plea:

"And the said Samuel Hamilton, being brought to the bar of this Court, and having heard the said indictment read and the matters therein contained, says, that he ought not to be put to answer and tried on the first count of the said indictment, he having, in due manner of law, been already put in jeopardy on account of the charge of burglary therein contained; and for plea to said indictment he says, that heretofore, to wit, at the September, 1906, term of the Court of General Sessions at Pickens county he was duly arraigned upon a valid indictment, of which the following is a copy:

" 'INDICTMENT.

" 'The State of South Carolina, County of Pickens.

" 'At a Court of General Sessions, begun and holden in and for the County of Pickens, in the State of South Caro-

lina, at Pickens, in the county and State aforesaid, on the fourth Monday of September, in the year of our Lord one thousand nine hundred and six,

" 'The jurors of and for the county aforesaid, in the State aforesaid, upon their oath, present, that Samuel Hamilton, on the 15th day of May, in the year of our Lord one thousand nine hundred and six, at the hour of ten in the night of the same day, with force and arms, at Pickens, in the county and State aforesaid, the dwelling house of one W. R. Wyatt, there situate, feloniously and burglariously did break and enter with intent the goods and chattels of W. R. Wyatt, in the said dwelling house then and there being, then and there feloniously and burglariously to steal, take and carry away, against the form of the statute in such case made and provided, and against the peace and dignity of the State.

" 'And the jurors aforesaid, upon their oath aforesaid, do further present, that the said Samuel Hamilton, on the 15th day of May, in the year of our Lord one thousand nine hundred and six, with force and arms, at Pickens, in the County of Pickens, and State aforesaid, $35 good and lawful money of the United States, a further description to the jurors unknown, one gold watch and necklace, all of the value of $100, of the proper goods and chattels of W. R. Wyatt and his wife, Addie Wyatt, then and there being found in his dwelling house, feloniously did steal, take and carry away from said dwelling house, against the form of the statute in such case made and provided, and against the peace and dignity of the State.

(Signed)                    " 'JULIUS E. BOGGS, Solicitor.'

"That to the said last mentioned indictment he did then and there plead 'Not guilty,' and for trial he placed himself upon God and his country; that jury of twelve electors was then and there duly empanelled and sworn to try the issues so joined between the State and the said Samuel Hamilton; that thereupon the following witnesess were sworn and examined on the part of the State: W. R. Wyatt, A. G.

Smith, Robert Austin, Ella Reid, Claude Boggs, James Boggs, Alex. Austin, Furman Sanders and Walter Austin; that after the State had closed, the following witnesses were sworn on behalf of the defendant: Lula Langston, Mose Williams, Bird Jameson, Robert Lathem, John Benton, L. A. Young and Samuel Hamilton; that at the close of defendant's testimony, defendant, through his attorneys, made a motion that the Court direct a verdict of 'Not guilty' as to the charge contained in the first count of the said indictment upon the ground that there was not a scintilla of testimony tending to sustain the said charge; that thereupon the said Court stated that it would direct a verdict of 'Not guilty' as to the first count in said indictment upon the ground on which the said motion was made; that thereupon the solicitor, without the consent of prisoner, stated that he would not ask for a verdict on said count, but that he would enter a nol. pros. on the said count; that, after argument of counsel for the State and the prisoner, the Court charged the jury, and in said charge he stated: 'You heard the testimony in the case and the statement of the solicitor that he does not ask a verdict on the first count, and as to that count your verdict will be not guilty;' that after said charge the jury retired, and thereafter returned the following verdict: 'Guilty on second count.'

"The said Samuel Hamilton further avers that upon said second count he was sentenced by the Court, that from the judgment imposed on the second count he appealed to the Supreme Court, which Court granted him a new trial.

"The said Samuel Hamilton further avers that the said Samuel Hamilton mentioned in the former indictment and he, the said Samuel Hamilton who is charged by the present indictment, are one and the same, and not divers and different persons; that the felony and burglary in the said first count in the said former indictment mentioned and the felony and burglary in the first count in the present indictment mentioned, are one and the same felony and burglary,

and not divers and different felonies and burglaries; and in all this he is ready to verify.

"Wherefore, he, the said Samuel Hamilton, says that he has been placed in jeopardy under the charge contained in the first count in said indictment, and that under Article I, section 17, of the Constitution of the State of South Carolina, he cannot again be placed in jeopardy on said charge; and he prays the Court that he may be dismissed and discharged from the charge of burglary contained in said first count of said indictment."

From sentence on verdict on this indictment after plea of former jeopardy was overruled, defendant again appeals.

*Messrs. E. M. Blythe* and *Morgan & Mauldin,* for appellant, cite: *Plea of former jeopardy may be based on nol. pros. or withdrawal of charge:* 1 Bail., 651; 47 S. C., 166.

*Attorney-General J. Fraser Lyon* and *Solicitor J. E. Boggs,* contra. *Mr. Lyon* cites: *Where verdict is set aside and new trial ordered at instance of defendant, he cannot plead former jeopardy:* 73 S. C., 319; 55 S. C., 247.

July 6, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. At the September term of the Court of General Sessions for Pickens county, 1906, the defendant was indicted under two counts, burglary and larceny.

At the trial of the defendant the solicitor announced that he would not ask a conviction on the first count for the alleged burglary, upon the ground that there was no testimony offered in support thereof; and thereupon the Court stated that it would direct a verdict of not guilty as to the first county.

The Judge, thereupon, charged the jury generally, and the jury returned a verdict of guilty on the second count.

From the sentence on said verdict the defendant appealed to the Supreme Court. This Court granted a new trial. *State v. Hamilton,* 77 S. C., 383, 57 S. E., 1098.

At the fall term, 1907, of the Court of General Sessions for Pickens county the solicitor handed out a new indictment, which contains substantially the two counts contained in the first indictment.

Upon the defendant's arraignment he interposed the plea of former jeopardy, giving proof of the first indictment and the fact that the two indictments are one and the same, and that the defendant is the same person described in each indictment; that the felony and burglary in said former indictment and the felony and burglary in the second indictment are one and the same felony and burglary. Wherefore, he claims he has been placed in jeopardy under the charge contained in the first count in said indictment and that under Article I, section 17, of the Constitution of the State of South Carolina, he cannot again be placed in jeopardy on said charge. Wherefore, he prays that he may be dismissed for the charge of burglary contained in the said first count in the said first indictment.

There was no difference of view between the parties so far as the testimony in support of said plea of jeopardy is contained, but the same, after reflection and argument, was overruled by the Circuit Judge, and the trial proceeded under both first and second counts.

After the charge of his Honor, the jury returned a verdict of guilty, with recommendation to mercy; the Judge then sentenced the defendant to five years' imprisonment. From this sentence the defendant now appeals to this Court upon four grounds. Let the indictments and proceedings of the Circuit Court affecting the plea of jeopardy be reported.

We will now notice these exceptions. Nos. 1, 2 and 4 will be considered together, and are as follows:

1. "Because the Circuit Judge erred in overruling the defendant's plea of former jeopardy as to the first count in said indictment, made upon the ground that, having been

placed upon trial upon the indentical charge contained in first count of said indictment, a jury having been empanelled for the trial of said charge, and said charge having been withdrawn from the consideration of the jury by the solicitor, he has been placed in jeopardy on said charge and could not be again tried thereon.

2. "Because the Circuit Judge erred in holding that the defendant had not been placed in jeopardy on the charge of burglary, contained in the first count of said indictment; whereas, he should have held: (a) that the statement of the solicitor that he would not ask for a verdict on that count, but would enter a nol. pros. on that count, was a withdrawal of that count from the consideration of the jury, and, further, was tantamount to a nol. pros. on that count; (b) that the statement of the Circuit Judge, made in his charge to the jury, was a withdrawal of the charge contained in said first count from their consideration.

4. "Because the Circuit Judge erred in refusing defendant's motion for a new trial and in arrest of judgment; whereas, he should have held that the defendant had been placed in jeopardy on the first count of said indictment and was entitled to his discharge as to the charge contained in said first count of said indictment."

As we have before remarked, it was upon motion of the defendant that a new trial was granted in this case, 77 S. C., 383, 57 S. E., 1098.

Thus the defendant is responsible for all the consequences which will flow to him from the new trial. If he had remained quiet, unquestionably his plea of former jeopardy would have been sustained. The effect, however, of the order for a new trial has removed every vestige of his plea of former acquittal.

This Court has considered the effect of a new trial in a case where there was three counts in an indictment under which the jury found a verdict of guilty as to the first and third, and used the words, "We disagree as to the second count." The case referred to is *State* v. *McGee,* 55 S. C.

247, 253, 33 S. E., 353. In this case the Circuit Judge held: " 'A verdict finding the defendant guilty under the first and third counts would necessarily have presupposed one of two things, to wit: either that the jury had found him not guilty under the second count or that they had disagreed as to that count, but were willing to render a verdict of guilty as to two counts, the practical effect of which, in law, would be to acquit him on the second count. When a verdict is entered which is not afterwards set aside at the instance of the defendant, and the jury discharged from the further consideration of the case, its effect is to acquit the defendant of all the counts in the indictment, although the jury may have found him guilty on a less number than the whole of the counts; otherwise he would be subject for the same offense to be put in jeopardy of life and liberty a second time. Jurors who are unwilling to acquit a defendant on any of the counts in an indictment should refuse to agree except upon a general verdict of guilty.' As the verdict in this case must be set aside, and in order that the Court may not be misunderstood, we take occasion to say that the defendant cannot claim an acquittal under the second count. *State* v. *Commissioners,* 3 Hill, 239."

The same principle of law underlies the decision of this Court in the case of *State* v. *Gillis,* 73 S. C., 318, 322, 53 S. E., 487. Mr. Justice Jones, in delivering the opinion of the Court, says: "It is true this rule was applied to offenses not capital, but the constitutional provision applies equally to offenses involving liberty as well as to offenses involving life as a penalty. The defendant must be held to have made his application for a new trial in view of the rule of law above declared, and must be deemed to have understood as plainly as if a statute had so declared that a new trial meant a rehearing upon the whole indictment as if no trial had taken place thereon."

It seems to us, therefore, that the points raised by these three exceptions are decided against the appellant; and that it is unnecessary, in view of the decisions we have quoted

from our own court, to linger longer in their consideration. These exceptions are overruled.

3. "Because the Circuit Judge erred in not holding that the finding by the jury of guilty on the second count of the indictment was an acquittal of the defendant on the separate and distinct charge contained in the first count of the indictment."

So far as the third exception is concerned, we hold that the defendant by interposing his appeal in 77 S. C., 383, 57 S. E., 1098, and having the same to obtain for him a new trial by the order of this Court, has precluded himself from having us to consider what is the true effect of the verdict of guilty on the second count of the indictment in the first instance. This exception must be overruled.

It is the judgment of this Court that the judgment of the Circuit Court be, and the same is, affirmed.