18545

The STATE, Respondent, v. David SQUIRES, Allen K. Squires, and
Charles Stewart, Appellants

(149 S. E. (2d) 601)

240.

*Messrs. Edward E. Saleeby* and *Billy R. Craig,* of Hartsville, *for Appellants,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Ben T. Deberry, Assistant Attorney General,* of Columbia, and *Marion H. Kinon, Solicitor,* of Dillon, *for Respondent,*

242

Aug. 1, 1966.

BUSSEY, Justice.

On the night of March 27, 1959, three men, one of them armed with a pistol, burglarized the home of Mr. and Mrs. G. G. Harris at Lamar, South Carolina, robbed them, and forced Mr. Harris to deliver the keys to his store and combination to the safe therein which two of the men looted while the third stood guard over Mr. and Mrs. Harris. According to the evidence for the State, those three men were the appellants in this case, David Squires, Charles Stewart and Allen Squires. The appellants were apprehended, confessed to their participation in the foregoing crimes and were indicted, charged with burglary, armed robbery, housebreaking and larceny. At the June 1959 term of the Court of General Sessions for Darlington County, they all pled guilty to burglary and a jury was impaneled for the purpose of recommending mercy, following which they were each sentenced to twenty-one years in the State Penitentiary. At the same term of court, Henry Squires, father of David and Allen Squires, pled guilty as an accessory, both before and after the fact, to the aforesaid crimes,

was sentenced therefor, has completed serving his time, and is no longer a party in the case. Subsequent to his plea of guilty, the appellant David Squires made a rather full statement to the judge, admitting his guilt and asking for mercy.

On July 24, 1963, the three appellants filed a petition for a writ of *habeas corpus* with the resident judge of the Fifth Judicial Circuit, alleging that their sentences were void and that their detention and restraint were unlawful and unconstitutional on the basic ground that they were without benefit of counsel when they entered their pleas of guilty. On the hearing on the said petition, the State did not oppose a new trial, which was the only relief to which appellants were entitled, and which relief the hearing judge granted, ordering the authorities at the penitentiary to deliver the appellants into the custody of the sheriff of Darlington County for the purpose of standing a new trial, with their right to counsel protected, said order being dated August 22, 1963.

The appellants were represented by court appointed counsel on the hearing on their petition, and, prior to the next term of court for Darlington County, present counsel for appellants were appointed by the court, they being notified in writing of such appointment on October 30, 1963. When court opened on the morning of November 4, 1963, counsel moved for a continuance, which motion was then denied and the case set for trial on Thursday, November 7th. When reached on that date, counsel did not renew the motion for a continuance but stated that the defendants were ready, all of whom pled not guilty.

The jury returned a verdict of guilty on all counts as to appellants David Squires and Charles Stewart, with a recommendation of mercy, but convicted appellant Allen Squires only of housebreaking and larceny, and also recommended him to mercy. Stewart and David Squires were sentenced to twenty-five years each, and Allen Squires to fifteen years. They all appeal.

It might not be amiss to point out that the State's evidence warranted a conviction of Allen Squires on all counts, and the fact that the jury did not so convict him is possibly explained by the fact that he did not actually enter the Harris home simultaneously with the other appellants. He came in some minutes later and stood guard while the other two went to the store.

The appellants' exceptions raise a number of questions. We first consider whether there was, as contended, any error on the part of the trial judge in denying the motion for a continuance. It is well settled in this jurisdiction, as well as in most others, that the trial court's refusal of a motion for continuance in a criminal case will not be disturbed in the absence of a clear and conclusive abuse of discretion. See *State v. McDonald,* 184 S. C. 290, 192 S. E. 365, and cases therein cited. We see nothing in the instant case to indicate any abuse of discretion on the part of the trial judge in denying the motion. A new trial was ordered as a result of appellants' petition for a writ of *habeas corpus,* and the case was already over four year old. Mr. Harris had since died, and Mrs. Harris, the only living person who could and did identify the appellants, was, at the time of the new trial, 74 years of age. There is no showing that any other evidence on behalf of the appellants could have been produced, or that any other points in their behalf could have been raised had more time been granted for the purpose of preparing the case for trial. The motion for continuance was made at the opening of court on Monday, and denied. If, between that date and Thursday, when the trial actually commenced, anything developed in the course of trial preparation which would indicate that the appellants would actually be prejudiced as a result of denying the motion for continuance, such motion should have been renewed at the commencement of the trial, and the matters brought to the attention of the judge. Counsel, however, announced on Thursday that the defendants were ready.

One exception asserts that the trial judge erred in allowing the original indictment of June, 1959 to go to the jury, the error being that defendants were never re-indicted, there is no merit in this exception. *State v. Stephens,* 13 S. C. 285. We think it not amiss, however, to point out that the trial judge here exerted every effort to avoid any possible prejudice to the appellants in the use of the old indictment with their pleas of guilty thereon. Prior to the commencement of the trial, the jury was excluded from the court room while all preliminary motions were considered, and at that time it was stipulated that only a copy of the original indictment would be submitted to the jury. In the course of the trial the appellant, David Squires, testified on direct examination as to his plea of guilty in June 1959. In view of this development, at the conclusion of the trial, counsel for appellants, not waiving the contention that appellants should have been re-indicted, consented that the original indictment should be sent to the jury, under appropriate instructions from the trial judge that the jury was to give no effect, or consideration, to the pleas of appellants entered thereon.

The direct testimony of David Squires as to his prior plea of guilty gave rise to several other questions. He explained his plea of guilty and, at least inferentially, the pleas of the other appellants, by testifying that he, David, was told by the solicitor that the solicitor would see to it that they got life imprisonment if they did not plead, and that his father, Henry Squires, would get ten years as an accessory. According to his testimony, the sheriff and possibly one other person were present when the solicitor allegedly made such statements. The solicitor did not take the stand, but called in reply to this testimony the sheriff and deputy sheriff, both of whom testified that they were present when the solicitor, at the request of David, talked with him, and that the statements which David attributed to the solicitor were not made.

In the course of the solicitor's argument to the jury, and with reference to the statements allegedly made by the solicitor to David Squires, he said:

"* * * if you believe I told them that, I hope you will turn them loose."

Objection to the foregoing language was made and overruled. Appellants assert that the quoted language allowed the solicitor, who was not a witness, to place his personal reputation for veracity against that of David Squires. We think there is no merit in this contention.

Whether or not the language used by counsel in argument is prejudicial depends, at least to some extent, on the context in which the language is used, the manner, tone of voice, and bearing of counsel. The record here does not show the exact context in which the language objected to was used. The trial judge heard the entire argument, knew the context in which the words were uttered, and the demeanor of the solicitor in uttering the same. David Squires' veracity as to the statements which he attributed to the solicitor was put in issue by the conflicting testimony of the two officers who were present. The trial judge, who was in position to know and observe all of the circumstances, in the exercise of his discretion, concluded that the solicitor's argument was not improper or prejudicial, and overruled the objection.

As was said in the case of *State v. Robertson,* 26 S. C. 117, 1 S. E. 443:

"It is often (a) matter of difficulty to draw the line sharply between legitimate argument and unauthorized statement,—between what is and what is not allowable; and, as this pertains to the conduct of the cause, it must, to a large extent, be left to the wise discretion of the circuit judge."

David Squires having testified to his former plea of guilty and given his explanation as to why he pled, the solicitor on cross examination, over objection, was allowed to question David with respect to the post plea

admissions of his guilt made to the judge in connection with his request for leniency or mercy. On this question no case in point is cited by counsel for either the State or the appellants. We think, however, that there was no error. David Squires injected his former plea and explanation thereof into the trial. Having done so, his voluntary statement made subsequent to his plea, which was at variance with the testimony then being given by him, was a proper field of inquiry on cross examination.

Another exception of appellants asserts that there was error in admitting their confessions into evidence in that such were made at a time when defendants were without the benefit of advice of counsel. This exception is predicated on the decision of the United States Supreme Court in the case of *Escobedo v. State of Illinois,* 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed. (2d) 977, which was decided in 1964, subsequently to the trial in the instant case. When the brief in behalf of appellants was written, counsel were, of course, without the benefit of the recent decision of the United States Supreme Court in *Johnson et al. v. State of New Jersey,* decided June 20, 1966, 384 U. S. 719, 86 S. Ct. 1772, 16 L. Ed. (2d) 882, holding that *Escobedo* has no retroactive application. It follows that this exception is without merit.

Appellants raise the question of whether their new trial amounted to double jeopardy when they did not request or want a new trial. As is not at all unusual, the appellants prepared their own petition for a writ of *habeas corpus,* wherein they sought their absolute release, but did not specifically ask for a new trial. The petition did ask that their sentences be declarad void, and they were represented by counsel on the hearing on the petition, at which time the court granted them not their absolute release, which they sought, but a new trial, which was the only relief to which appellants were entitled. *Grant v. MacDougall,* 244 S. C. 387, 137 S. E. (2d) 270.

In the cited case, in the course of the hearing in a *habeas corpus* proceeding, the petitioner declined to accept the only relief to which he was entitled, and, accordingly, his conviction and sentence which he was attacking were not set aside by the court. In the instant case, the conviction and sentences of the appellants were set aside at the instance of the appellants, following which the hearing judge granted the only relief to which appellants were entitled, a new trial. Appellants did not, as Grant did, decline the relief to which they were entitled and raised no questions as to the new trial ordered by the hearing judge until they were again brought to trial at the next ensuing term of court in Darlington County, more than two months after their prior convictions and sentences had been declared void at their request. The general rule of law applicable to the present contention of appellants is soundly stated in 21 Am. Jur. (2d) 253, Criminal Law, Sec. 209, as follows,

"A defendant waives his constitutional protection against double jeopardy when a verdict or judgment against him is set aside at his own instance either on motion in the lower court or on a successful appeal. This is also true where he merely asks that a judgment against him be vacated but the court goes beyond what he asks and orders a new trial."

Our decisions are in complete accord with the quoted text. See cases cited in West's South Carolina Digest, Criminal Law, 188 *et seq.* The recent case of *Town of North Augusta v. Fennell,* 221 S. C. 112, 69 S. E. (2d) 121, is directly in point with the instant case.

Lastly, the appellants, David Squires and Stewart, contend that the judge erred in imposing upon them greater sentences for the "same crimes after retrial than was given in the original trial." To begin with, the contention as stated is based on an erroneous premise. The sentences of twenty-one years imposed in 1959 were predicated on a plea of guilty to only one crime, burglary; whereas the current sentences were imposed as a result of these appellants

having been convicted of three serious crimes in addition to the crime of burglary.

Appellants' contention, for the foregoing reason, is patently without merit, but even if it be assumed that the appellants were sentenced for the same identical crime, or crimes, as previously sentenced, the contention would still be without merit and unsupported by any sound authority coming to our attention. To the contrary, the entire weight of authority is opposed.

No case comes to our attention, decided by this court, wherein there was involved the precise question of whether or not a harsher sentence may be imposed upon a defendant following his conviction on a second trial of the same identical offense, as on the first trial. The law is well settled in this state, however, that upon a new trial, following the vacation of the original conviction at the instance of the defendant, the entire case stands as though it had never been tried. And, upon such new trial, the defendant may be tried for and convicted of counts, which he was not convicted of on the first trial, including a higher degree of crime than that of his first conviction, in which latter instance the defendant would, of necessity, be subject to a harsher sentence upon the new trial. *State v. Commissioners of Cross Roads,* 3 Hill 239; *State v. Steadman,* 216 S. C. 579, 59 S. E. (2d) 168, cert. den. *Steadman v. State of S. C.,* 340 U. S. 850, 71 S. Ct. 78, 95 L. Ed. 623 rehearing den. 340 U. S. 894, 71 S. Ct. 205, 95 L. Ed. 648; *State v. Hamilton,* 80 S. C. 435, 61 S. E. 965; *State v. McGee,* 55 S. C. 247, 33 S. E. 353; *State v. Gillis,* 73 S. C. 318, 53 S. E. 487, 5 L. R. A., N. S., 571.

Numerous courts have considered the precise question of whether a harsher sentence may properly be imposed on a defendant when convicted upon a new trial of the same identical offense, and decided such adversely to the contention of appellants here. In 21 Am. Jur. (2d) 538, Criminal Law, Sec. 570, we find the following language,

"Where a sentence being served by a defendant is vacated on his motion, he cannot complain if he is later sentenced to punishment that is harsher than the original sentence."

Cited in support of the foregoing text are the cases of *Murphy v. Com. of Massachusetts*, 177 U. S. 155, 20 S. Ct. 639, 44 L. Ed. 711; *Smith v. Brown*, 135 Fla. 830, 185 So. 732; and an annotation in 168 A. L. R. 717.

In 24 C. J. S., Criminal Law, § 1426, p. 16, it is said that,

"An order granting a new trial, particularly where so prescribed by statute, results in a rehearing of the case before a new jury with the parties in the same position as though the case had never before been heard," and that,

"If accused is convicted on the second trial, a heavier sentence may be imposed than was imposed on the first trial."

Among the cases directly in point, decided adversely to the contention of the appellants are the following: *Bohannon v. D. C. Mun. App.*, 99 A. (2d) 647; *Sanders v. State*, 239 Miss. 874, 125 So. (2d) 923, 85 A. L. R. (2d) 481; *Hobbs v. State*, 231 Md. 533, 191 A. (2d) 238, cert. den. 375 U. S. 914, 84 S. Ct. 212, 11 L. Ed. (2d) 153; *State v. White*, 262 N. C. 52, 136 S. E. (2d) 205, cert. den. 379 U. S. 1005, 85 S. Ct. 726, 13 L. Ed. (2d) 707; *State v. Slade*, 264 N. C. 70, 140 S. E. (2d) 723; *State v. Williams*, 261 N. C. 172, 134 S. E. (2d) 163.

We conclude that all appellants' exceptions are without merit and the judgment of the lower court is, accordingly,

Affirmed.

Moss, C. J., and Lewis and Brailsford, JJ., and Lionel K. Legge, Acting Associate Justice, concur.