JACK LEWIS *vs.* COMMONWEALTH.

Suffolk.    April 8, 1952. — November 21, 1952.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Practice, Criminal,* Sentence, Costs.    *Error, Writ of.*

Following a verdict of guilty of and sentence for armed robbery and a subsequent decision by this court adjudging that the verdict was unwarranted as a conviction for armed robbery but could stand as a valid conviction for larceny, and reversing the judgment, the defendant on resentencing as upon a conviction for larceny was entitled as of right to have a period of imprisonment already served under the original sentence taken into account, and a resentence for the maximum term provided by statute for larceny was invalid. WILLIAMS, J., dissenting.

Upon resentencing of the defendant in a criminal case after he had served a period of imprisonment under an invalid sentence, he was entitled to have deducted from the maximum term which would otherwise be fixed, besides the period already served, any time earned by him during such period for good conduct and satisfactory and diligent performance of work under G. L. (Ter. Ed.) c. 127, § 129, as appearing in St. 1948, c. 450, § 1. [451]

Upon reversal of an erroneous sentence in a criminal case on a writ of error and remanding of the case to the Superior Court for resentence of the plaintiff in error, or for his discharge from custody in case time deductible on account of a period of imprisonment already served by

him should exceed such maximum term as the court could or would impose on the resentence, he was entitled in any event to costs against the Commonwealth payable by the county where he was convicted. [451–452]

PETITION for a writ of error, filed in the Supreme Judicial Court for the county of Suffolk on May 25, 1951.

Following issuance of the writ of error and the writ of scire facias, and a return and plea, the judgment was affirmed by order of *Ronan*, J. The petitioner alleged exceptions.

In this court the case was argued in April, 1952, before *Qua*, C.J., *Lummus*, *Spalding*, & *Williams*, JJ., and afterwards was submitted on briefs to all the Justices except *Ronan*, J.

*Francis Juggins*, (*Robert R. Clark* with him,) for the petitioner.

*Michael H. Selzo*, Assistant Attorney General, for the Commonwealth.

QUA, C.J. This is a petition for a writ of error.

On September 29, 1948, the petitioner was found guilty by a jury on an indictment charging him with robbery while armed, and on the same day he was sentenced to the State prison for not more than twenty-five years and not less than twenty years. Thereupon he began to serve his sentence. See G. L. (Ter. Ed.) c. 279, §§ 3A, 4, as appearing in St. 1935, c. 437, §§ 2, 3. On October 14, 1948, he filed his appeal to this court. We held that the evidence would not warrant a conviction for robbery, but that the verdict could stand as a verdict of guilty of larceny. By our rescript dated June 29, 1949, we reversed the judgment and ordered the verdict set aside unless the attorney for the Commonwealth should move for judgment and sentence as upon a conviction for larceny of property exceeding $100 in value. This decision is reported under the name of *Commonwealth* v. *Novicki* in 324 Mass. at page 461. On July 1, 1949, after the petitioner had served about nine months of his sentence for robbery, he was returned to the Superior Court and was again sentenced to the State prison, this time for larceny of property exceeding $100 in value. This

sentence was for not more than five years and not less than four years. Five years is the maximum term for larceny provided by G. L. (Ter. Ed.) c. 266, § 30, as appearing in St. 1945, c. 282, § 2. On May 25, 1951, the petitioner filed the present petition in this court.

It is the contention of the petitioner that his later sentence is invalid because under it he may be required to serve in all five years and about nine months after a verdict which this court has held valid as a verdict for larceny only, where there has been no new trial, and although the maximum penalty for larceny is only five years. He contends that the time served under his former sentence should have been deducted when he was sentenced for larceny. The single justice of this court ordered the sentence for larceny affirmed. The case is here on the petitioner's exceptions.

A comparatively simple and easy solution of the difficulty is to say that the first sentence has been held invalid and so amounted to nothing at all; that no attention need be paid to it; and that the Superior Court was as free to impose the second sentence of the maximum term for larceny as if there had been no previous sentence. It must be conceded that some of the language used in *Commonwealth* v. *Murphy,* 174 Mass. 369, affirmed sub nomine *Murphy* v. *Massachusetts,* 177 U. S. 155, if taken by itself outside of its context, would seem to lend support to this proposition. A majority of the court, however, is of opinion that this is an oversimplication; that it is not sound; and that it is not supported by the *Murphy* case.

It is hardly realistic to say that nine months in the State prison amount to nothing — that since the petitioner "should not have been imprisoned as he was, he was not imprisoned at all." *King* v. *United States,* 98 Fed. (2d) 291, 293–294. Moreover, since there is no statute of limitation affecting the filing of petitions for writs of error in criminal cases (G. L. [Ter. Ed.] c. 250, § 10), the time served before the reversal of the sentence might in some other case be so long that glaring and intolerable injustice

would result if the time served on a first sentence should not be taken into account in imposing a second sentence. It is not even technically correct to say that the first sentence must now be deemed to have been a nullity. It was not a nullity when it was imposed or while it was being served. The court had jurisdiction over the crime of robbery and had jurisdiction over the defendant. The sentence was erroneous and voidable for error but was not void until reversed. *Commonwealth* v. *Foster*, 122 Mass. 317, 323. *Sennott's Case*, 146 Mass. 489, 492–493, and cases cited. *Commonwealth* v. *Murphy*, 174 Mass. 369, 372. *Sellers' Case*, 186 Mass. 301. *Commonwealth* v. *Morgan*, 280 Mass. 392, 394. *Smith* v. *Lovell*, 146 Maine, 63, 73. *Ex parte Watkins*, 3 Pet. 193, 202–203, 206. It could therefore serve as the basis of a mittimus which would protect the sheriff and the jailer. *Ex parte Lange*, 18 Wall. 163, 174–175. See *Morton's Case*, 196 Mass. 21. If the petitioner had served the entire original sentence he could not have been sentenced at all the second time. *Commonwealth* v. *Loud*, 3 Met. 328. *Commonwealth* v. *Murphy*, 174 Mass. 369, 372. The judge could not be held liable personally for imposing the original sentence as if it was wholly outside his jurisdiction. *Allard* v. *Estes*, 292 Mass. 187, 197–198. The fact was, therefore, that during the period of about nine months which elapsed after the petitioner was committed under the first sentence and before the imposition of the second sentence the petitioner was being imprisoned, not falsely, but under valid process in consequence of a verdict which was a verdict for larceny. A proper sense of justice and the regard which must necessarily be paid to the limits set by the Legislature to punishment for offences required that when the sentence for robbery was reversed and the petitioner was resentenced for larceny the time already served by him be treated as having in effect been served for larceny (the only offence for which he could rightly have been confined) and be deducted from the maximum sentence permissible for larceny. We have not thought it necessary also to consider whether this same

conclusion would have to be reached on the ground that otherwise the petitioner would suffer double jeopardy, in the sense of double punishment. See *Ex parte Lange,* 18 Wall. 163, 175.

The actual decision in the case of *Commonwealth* v. *Murphy,* 174 Mass. 369, to which we have already alluded, is not in conflict with what is here decided. In that case the question presented and decided was whether the second sentence constituted double jeopardy or double punishment. See statement of the court 174 Mass. at page 371, top. There was no question of the period of confinement exceeding the maximum allowed by law. · See *Commonwealth* v. *Murphy,* 174 Mass. 369, 370; *Murphy* v. *Commonwealth,* 172 Mass. 264, 265–266. Whatever was said in *Commonwealth* v. *Murphy* to the effect that time served under an earlier erroneous sentence could be ignored in imposing a later corrected sentence was not necessary to the decision of that case. Moreover, as explained by Chief Justice Fuller in *Murphy* v. *Massachusetts,* 177 U. S. 155, at page 161, in that case the trial judge in imposing the second sentence did actually deduct the time served under the first sentence.

A fairly extensive search of the cases in other jurisdictions convinces us that the weight of authority is in favor of the position here taken. Few of the cases present the exact question whether the sum of the new sentence and of the time served under the invalid sentence may exceed the maximum sentence provided by statute;[1] but it has been held in a number of cases where the conviction was proper but there was error in the sentence only that allowance must be made in the corrected sentence for time served under the

[1] This precise question seems to have been decided in *In the Matter of Leypoldt,* 32 Cal. App. (2d) 518, and in *Kozlowski* v. *Board of Trustees of the New Castle County Workhouse,* 32 Del. 29 (overruled on another point, *Biddle* v. *Board of Trustees of New Castle County Workhouse,* 33 Del. 425). Substantially the same question seems to have been decided in *People* v. *Huber,* 389 Ill. 192, and *People* v. *Gilbert,* 163 Mich. 511. See *King* v. *United States,* 98 Fed. (2d) 291, 295, note. All those cases tend to support the present opinion.

original sentence.[1]   Even where the defendant has been
convicted on two or more indictments or counts with con-
secutive sentences and the first sentence is reversed after
time has been served under it, credit for such time has been
allowed against the succeeding sentence.[2]   Similarly, if a
defendant serving under an illegal sentence is convicted of
a new offence for which the sentence is to commence upon
the expiration of the first sentence, the time of confinement
under the illegal sentence has been held to apply against
the second and valid sentence.[3]   Without implying that we
should necessarily follow all of these decisions, they are of
some importance as indicating the trend of judicial thought.

It should be noted that in all we have said we have been
dealing only with a case where the verdict of guilty is valid
and stands, and the only error is in the sentence.   Where
the error occurs in the proceedings before sentence and
necessitates a new trial and not merely a resentence, it
seems to be rather generally understood that time served
under the sentence which is invalidated need not as matter
of law be considered in imposing the second sentence, the
reason given being that in seeking a new trial the defendant
must be deemed to have consented to a wiping out of all
the consequences of the first trial.   *McDowell* v. *State*, 225
Ind. 495, 498–500.   *People* v. *Trezza*, 128 N. Y. 529, 536.
*Ex parte Wilkerson*, 76 Okla. Crim. Rep. 204.   *Ogle* v. *State*,
43 Tex. Crim. Rep. 219, 233–234.   *In re Doelle*, 323 Mich.
241 (but compare *In re Wall*, 330 Mich. 430, 435–436).
*State* v. *Murphy*, 248 Wis. 433.   See *Commonwealth* v.
*Murphy*, 174 Mass. 369, 371.   The decisions generally,
however, do not clearly distinguish cases of this class from

---

[1] *In re Wilson*, 202 Cal. 341.   *D'Alessandro* v. *Tippins*, 98 Flà. 853.   *Jack-
son* v. *Commonwealth*, 187 Ky. 760, 764.   *In re Wall*, 330 Mich. 430, 435–436.
*Laury* v. *State*, 187 Tenn. 391, 394.   *Stonebreaker* v. *Smyth*, 187 Va. 250, 264.
*State* v. *Mehlhorn*, 195 Wash. 690, 693.   *Tinkoff* v. *United States*, 86 Fed. (2d)
868, 880.   Contra: *People* v. *Williams*, 404 Ill. 624 (but compare *People* v.
*Heard*, 396 Ill. 215, 220–221).

[2] *Youst* v. *United States*, 151 Fed. (2d) 666, 668.   *Ekberg* v. *United States*,
167 Fed. (2d) 380, 387.   But see *Kite* v. *Commonwealth*, 11 Met. 581, 585;
*Smith* v. *Lovell*, 146 Maine, 63, 67.

[3] *Commonwealth* v. *Burke*, 361 Pa. 35, 42.   *Bennett* v. *Hollowell*, 203 Iowa,
352.

those previously considered in this opinion. We do not need now to decide what, if any, effect the distinction should have. It is enough for present purposes to point out that there may well be a difference between a case like the one before us where at all times the petitioner has been confined under a sentence in force at the time of confinement and resting always upon a valid trial and verdict and a case where the trial and verdict have been declared invalid, and the sentence has fallen because there was nothing to support it, so that the defendant has become eligible for bail and in other respects has reverted to the position of an accused person awaiting trial.

Another question in the case is whether the petitioner is entitled upon a new sentence to the benefit of any deductions for good conduct and satisfactory and diligent performance of work as provided in G. L. (Ter. Ed.) c. 127, § 129, as appearing in St. 1948, c. 450, § 1, for the period of his confinement before a valid final sentence is passed upon him. The operational words of § 129 are "shall be entitled to have the term of his imprisonment reduced by a deduction from the maximum term for which he may be held under his sentence . . ." and "shall be entitled to a further deduction from the maximum term for which he may be held under his sentence . . .." These words effect an actual reduction of the term of the sentence. *Opinion of the Justices,* 13 Gray, 618. The prisoner is "entitled" to that reduction. The petitioner should not be deprived of it because of errors in his sentences. He should be allowed all time earned during actual imprisonment. *In the Matter of Leypoldt,* 32 Cal. App. (2d) 518. *Stonebreaker* v. *Smyth,* 187 Va. 250, 264. *Youst* v. *United States,* 151 Fed. (2d) 666, 668.

The result of this opinion is that the petitioner's exceptions are sustained; that the sentence for larceny heretofore imposed upon him is reversed; and that the case is remanded to the Superior Court (G. L. [Ter. Ed.] c. 250, § 12) for the purpose of imposing a new sentence for larceny in which shall be deducted from the maximum term which

would otherwise be fixed the length of time during which the petitioner shall have actually suffered imprisonment up to the time of resentence and also any time earned by him under G. L. (Ter. Ed.) c. 127, § 129, as appearing in St. 1948, c. 450, § 1, for good conduct or satisfactory and diligent performance of work at the rate at which such time was credited to him under said section according to the length of the sentence which he was then purportedly serving. If the total time to be deducted exceeds the maximum of such sentence as the court could or would impose for larceny, the petitioner is to be discharged from custody. In any event he is to have his costs against the Commonwealth, to be paid by the county of Middlesex, where he was convicted. G. L. (Ter. Ed.) c. 250, § 12. *Haynes* v. *Commonwealth*, 107 Mass. 194, 198. *Walsh* v. *Commonwealth*, 224 Mass. 39, 41. *Jones* v. *Commonwealth*, 327 Mass. 491, 497.

*So ordered.*

WILLIAMS, J. I am unable to agree with the opinion of the majority of the court. Although, in imposing sentence, the judge of the Superior Court could have taken into consideration the petitioner's previous imprisonment, he was not bound to do so. *Commonwealth* v. *Murphy*, 174 Mass. 369, 372. If the imprisonment, which in fact was served on a sentence for robbery, "be treated as having in effect been served for larceny," it would seem to follow that the sentence should be treated as having been imposed for larceny. The sentence was vacated by our reversal of the judgment. *Commonwealth* v. *Novicki*, 324 Mass. 461. We held it to have been illegally imposed because of the lack of evidence to prove the robbery as charged. Treated as a sentence for larceny it was also illegal not because of the insufficiency of the evidence to prove larceny but because it provided for a term longer than is permitted for larceny. In *Commonwealth* v. *Murphy, supra,* a case where the judgment had been reversed because of error in the sentence, it was said (page 372), "a judgment and sentence reversed are the same as if

there had been no judgment and sentence . . . and this must be so even if the prisoner has served a part of the sentence." The decision in the *Murphy* case, which was affirmed sub nomine *Murphy* v. *Massachusetts*, 177 U. S. 155, appears to be decisive of the instant case. Whether the first sentence be considered as imposed for robbery or treated as having been imposed for larceny, it does not affect the legality of the second sentence.