## STATE v. SAM WILLIAMS.

(Filed 17 January 1964.)

**1. Larceny §§ 1, 10—**

Larceny from the person is a felony, G.S. 14-72, and the punishment therefor can be imprisonment for ten years. G.S. 14-70.

STATE *v.* WILLIAMS.

**2. Criminal Law § 131—**

Where defendant seeks and obtains a new trial he takes the risk of conviction of the crime charged in the bill of indictment even though the original conviction may have been for a less offense embraced therein, and the fact that different judges impose different punishment does not invalidate the sentence imposed at a second trial.

**3. Indictment and Warrant § 17—**

The fact that the indictment charges that the crime was committed on one day and the evidence sets the date five days thereafter ordinarily is not a material variance.

**4. Criminal Law § 131—**

The court is not compelled to give defendant credit for the period defendant spent in prison before a valid trial was had.

APPEAL by defendant from *Campbell, J.,* July 29, 1963 Regular Schedule "A" Criminal Session of MECKLENBURG.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*
*Plumides & Plumides by Michael G. Plumides for defendant appellant.*

PER CURIAM. Counsel for appellant and the solicitor entered into a stipulation with respect to the crime with which defendant was charged, the crime of which he was convicted, and the dates on which the trials were had. This stipulation was not only insufficient to determine whether defendant had been denied constitutional rights but was in direct conflict with the record proper as certified to this Court.

Because of manifest inaccuracies in the stipulation, we ordered the clerk of the Superior Court of Mecklenburg County to certify to this Court a complete transcript of the minutes and records of his court as they relate to the trials of defendant on the charge of larceny in December 1962. The clerk has complied with our order.

The record as originally certified, supplemented as it now is, shows these facts: In February 1963 the grand jury returned a true bill charging defendant with the larceny of property of a value in excess of $200 from the person of Genevieve Wilkie; defendant was tried on that bill on 19 February 1963. The jury found defendant "guilty as charged."

Based on that verdict the court imposed a two-year prison sentence. Defendant gave notice of appeal to this Court. The appeal was dismissed at the May Term 1963 because of defendant's failure to perfect his appeal.

On 30 May 1963, acting under Art. 22, c. 15, General Statutes, defendant filed a petition seeking a new trial because of a denial of his constitutional rights in that he had not been afforded the advice of counsel. He was given a hearing on 8 July 1963. The court found that he was not represented or advised that he was entitled to counsel. It ordered a new trial and directed that he have the benefit of counsel.

He was, at the July 29, 1963 Session, again put on trial on the bill of indictment returned in February 1963. He was again found "Guilty as charged." A prison sentence of ten years was imposed.

The record refutes the contention of counsel that defendant was first convicted of stealing property valued at less than $200. He was in each instance convicted of the crime of larceny from the person. That is a felony. G.S. 14-72. For that crime the guilty person can be imprisoned for ten years. G.S. 14-70. *S. v. Stevens,* 252 N.C. 331, 113 S.E. 2d 577.

Even if defendant had in the first instance been convicted of a lesser degree of the crime charged, when he sought and obtained a new trial he took the risk of conviction of the crime charged in the bill. *S. v. Correll,* 229 N.C. 640, 50 S.E. 2d 717. The mere fact that different judges imposed different punishment does not invalidate the sentence imposed at the second trial.

The bill of indictment charges the crime was committed on 12 December 1962. The evidence fixes the date as 17 December 1962. The variance is immaterial. *S. v. Baxley,* 223 N.C. 210, 25 S.E. 2d 621.

Defendant's contention that the judge was compelled to allow him credit for the period spent in prison before a valid trial was had is also without merit.

Affirmed.