### STATE v. CLARENCE WHITE.

(Filed 20 May, 1964.)

**1. Criminal Law § 173—**

A new trial awarded under the Post Conviction Hearing Act is a retrial of the whole case, verdict, judgment, and sentence.

**2. Robbery § 6—**

Defendant may be sentenced to imprisonment not to exceed thirty years upon conviction of armed robbery. G.S. 14-87.

**3. Criminal Law § 131—**

Where defendant petitions and obtains a new trial under the Post Conviction Hearing Act, G.S. 15-217 *et seq.*, he must accept the hazards as well as the benefits and may not complain if sentence imposed upon conviction in the second trial for the same offense exceeds that imposed at the first.

**4. Same—**

A defendant convicted the second time upon a new trial obtained under the Post Conviction Hearing Act is not entitled as a matter of law to credit for the time he has served on the sentence imposed at the first

trial, there being no statutory requirement in this State that he should be given such credit.

APPEAL by defendant from *Latham, S. J.,* October 1963 Special Criminal Session of DURHAM.

Criminal prosecution on an indictment charging defendant and one Carlton M. Jones on 1 November 1960 with the robbery of Ernest Carlisle of $27 in money and of keys of the value of $30 by the use and threatened use of firearms and other dangerous weapons, a violation of G.S. 14-87.

Plea by Clarence White, defendant: Not guilty. Verdict as to Clarence White: Guilty as charged in the indictment. There is nothing·in the record before us to indicate as to whether ·or not Carlton M. Jones was tried with him at the October 1963 Special Criminal Session.

From a judgment of imprisonment of not less than 12 years and not more than 15 years, defendant appeals.

*Attorney General T. W. Bruton and Deputy Attorney General Harry W. McGalliard for the State.*
*Wade H. Penny, Jr., for defendant appellant.*

PARKER, J.  Since the citizens of North Carolina in the General Election of 6 November 1962, by a majority of the votes cast, amended Article IV of the State Constitution, Terms of the superior court are now designated in this Article of the Constitution as Sessions of court. At the May 1961 Criminal Term of Durham County superior court, Williams, J., presiding, defendant here was tried on the same indictment as in the instant case. There is nothing in the record before us to indicate as to whether or not Carlton M. Jones was tried with him at the May 1961 Criminal Term. He, Clarence White defendant here, entered a plea of not guilty. The jury returned against him a verdict of guilty as charged in the indictment. Williams, J., sentenced him to imprisonment for a term of ten years. He did not appeal and began to serve his sentence.

Subsequently—the date is not set forth in the record—defendant Clarence White filed a petition, by virtue of the provisions of G.S. Ch. 15, Art. 22, entitled "Review of the Constitutionality of Criminal Trials," requesting a new trial of his case which was tried at the May 1961 Criminal Term, for the reason that he requested the presiding judge at that trial to appoint counsel to represent him, stating that by reason of his poverty he was unable to employ counsel to represent him, and that the court refused to do so,· and that he did not waive his

right to be represented by counsel. At the July 1963 Criminal Session, Hall, J., heard his petition, and by reason of the decision in *Gideon v. Wainwright,* 372 U.S. 335, 9 L. Ed. 2d 799—filed 18 March 1963—and acting under the power vested in him by G.S. Ch. 15, Art. 22, vacated the verdict of guilty as charged in the indictment returned against petitioner at the May 1961 Criminal Term and the judgment of imprisonment imposed upon petitioner at that term, and ordered a new trial for petitioner on the ground that he had been denied the right of counsel to represent him at his trial at the May 1961 Criminal Term.

Defendant has two assignments of error, both to the judgment. His first assignment of error is that Judge Latham "erred in imposing upon the defendant a sentence greater than that imposed upon the defendant at his first trial when the defendant was convicted of the same identical offense."

Defendant contends that the State in meeting its "due process" duty of providing ways for a defendant after conviction to obtain a review of the constitutionality of his criminal trial cannot "inhibit or clog" his right of review of the constitutionality of his trial by forcing him to accept the hazard of receiving a greater sentence than was imposed on him at his first trial, if he is successful in obtaining a new trial and is convicted again on the same indictment of the same offense; that this is a violation of his rights under the Fourteenth Amendment to the United States Constitution.

Defendant at his request was granted a new trial of his case tried at the May 1961 Criminal Term in which he was found guilty as charged in the indictment, which under our decisions results in a retrial of the whole case, verdict, judgment, and sentence. *S. v. Chase,* 231 N.C. 589, 58 S.E. 2d 364; *S. v. Correll,* 229 N.C. 640, 50 S.E. 2d 717, *cert. den.* 336 U.S. 969, 93 L. Ed. 1120; *S. v. Beal,* 202 N.C. 266, 162 S.E. 561; *S. v. Stanton,* 23 N.C. 424.

The indictment upon which defendant was convicted at both trials charges a violation of G.S. 14-87, which statute provides that any person convicted of a violation of this section "shall be punished by imprisonment for not less than five nor more than thirty years." Nothing in the provisions of G.S. Ch. 15, Art. 22, or in any other statute of this State, limited the power of Judge Latham from imposing a heavier sentence on defendant than was imposed on him at the first trial, provided Judge Latham's sentence did not exceed thirty years, the maximum set forth for a violation of G.S. 14-87.

Defendant having been convicted of the same offense on the second trial on the same indictment a heavier sentence may be imposed than was imposed on the first trial. *S. v. Williams,* 261 N.C. 172, 134 S.E.

---

---

2d 163; *Hobbs v. State*, 231 Md. 533, 191 A. 2d 238, *cert. den.* 375 U.S. 914, 11 L. Ed. 2d 153; *Sanders v. State*, 239 Miss. 874, 125 So. 2d 923, 85 A.L.R. 2d 481; *Bohannon v. District of Columbia*, Mun. Ct. of Appeals of the District of Columbia, 99 A. 2d 647; 24 C.J.S., Criminal Law, § 1426.

In *Hobbs v. State, supra*, a case directly in point, the Court of Appeals of Maryland correctly stated: "In asking for and receiving a new trial, appellant must accept the hazards as well as the benefits resulting therefrom."

In *Bohannon v. District of Columbia, supra*, a case directly in point, the Court accurately said: "We readily appreciate appellant's feeling that the obtaining of a new trial after the first conviction was a hollow victory, since it resulted in a second conviction and a fine ten times as much as the one first imposed. This, however, was a risk he took and the second judge was not bound to impose the same fine given by the first judge."

No transcript of the evidence in either trial is in the record. There is nothing in the record to suggest that Judge Latham imposed upon defendant a heavier sentence than he received at the first trial merely because he obtained a new trial. When defendant, at his request, obtained a new trial, hoping to be set free or obtain a lighter sentence, he accepted the hazard of receiving a heavier sentence, if convicted at the new trial of the same identical offense, and this is not a denial to him of any constitutional right as contended by him. Defendant's first assignment of error is without merit and is overruled.

Defendant's second and last assignment of error is that the trial court, in failing to give him credit for the time he had served under his first sentence, deprived him "of his life, liberty and property in violation of due process of law and equal protection of the law as guaranteed to the defendant" by the Federal and State Constitutions. Defendant has favored us with no citation of authority to support his contention.

No statute of this State provides that when a defendant in a criminal case, at his request, obtains a new trial, and he is convicted again of the same offense, he shall be given credit for the time he has served on the sentence imposed on him at the first trial. Judge Latham could have sentenced defendant to imprisonment for thirty years. Defendant at his first trial received a sentence of ten years, and at his retrial, obtained at his request, he received a sentence of not less than twelve nor more than fifteen years. There is nothing in the record to indicate whether or not Judge Latham in imposing sentence in the instant case gave or failed to give defendant credit for the time he had served under the original sentence in the first trial.

We are not concerned here with the resentencing of a defendant necessitated by the invalidity of the original sentence, but not involving a new trial between the first and second sentence, or in other words, a case where the verdict of guilty is valid and stands, and the only error is in the sentence. Where such is the case, which is not the case here, the courts are not in agreement whether time served under the first sentence is to be credited against time to be served under the second sentence. Annotation 35 A.L.R. 2d 1283; Wharton's Criminal Law and Procedure, by Ronald A. Anderson, 1957, Vol. 5, § 2216.

A large majority of the Courts generally seem to agree that, absent a statute to the contrary, if a defendant, at his request, obtains a new trial at a time when he is serving the sentence imposed, and, following a retrial obtained at his request and a second conviction of the same offense, a new sentence is imposed, he is not entitled as a matter of law to credit against the second sentence for time served under the original sentence. The rationale of the decisions seems to be that the defendant in seeking and obtaining a new trial must be deemed to have consented to a wiping out of all the consequences of the first trial. This is not a denial of defendant's constitutional rights not to be deprived of life, liberty and property without due process of law or of equal protection of the laws under the Fourteenth Amendment to the United States Constitution and under Art. I, Sec. 17, of the North Carolina Constitution. *S. v. Williams, supra; McDowell v. State,* 225 Ind. 495, 76 N.E. 2d 249; *Lewis v. Commonwealth,* 329 Mass. 445, 108 N.E. 2d 922, 35 A.L.R. 2d 1277; *In re Doelle,* 323 Mich. 241, 35 N.W. 2d 251; *In re De Meerleer,* 323 Mich. 287, 35 N.W. 2d 255, *cert. den.* 336 U.S. 946, 93 L. Ed. 1102; *People v. Trezza,* 128 N.Y. 529, 28 N.E. 533; *People ex rel. Lenefsky v. Ashworth* (1945, Sup.), 56 N.Y.S. 2d 5, affirmed without opinion 270 App. Div. 809, 60 N.Y.S. 2d 283; *Ex parte Wilkerson* (1943), 76 Okla. Crim. 204, 135 P. 2d 507 (compare *Ex parte Williams* (1938) 63 Okla. Crim. 395, 75 P. 2d 904); *Ogle v. State,* 43 Tex. Crim. 219, 63 S.W. 1009, 96 Am. St. Rep. 860; *State ex rel. Drankovich v. Murphy,* 248 Wis. 433, 22 N.W. 2d 540; Annotation 35 A.L.R. 2d pp. 1285-1287; Wharton's Criminal Law and Procedure, *supra.* See *Commonwealth v. Murphy,* 174 Mass. 369, 372, 54 N.E. 860, 48 L.R.A. 393, affirmed *sub nomine Murphy v. Com. of Massachusetts,* 177 U.S. 155, 44 L. Ed. 711, 715. Defendant's second assignment of error is overruled.

Defendant concedes that both questions presented by him have been decided adversely to him in our recent decision of *S. v. Williams, supra.* But he contends that this is a *per curiam* decision that does not reveal the contentions made by the defendant or the reasoning of the Court,

and he earnestly and strenuously requests us to reconsider this decision. We have done so and adhere to our decision in this case.

Defendant in his brief makes no contention that he is not guilty of the felony of which he was convicted. The judgment below is

Affirmed.