## STATE v. HORACE ANDERSON.

### (Filed 23 September, 1964.)

**1. Criminal Law § 26—**

Where sentence is vacated on *habeas corpus* on the ground that defendant's constitutional rights were not protected in the trial, the State may try him for the second time for the same offense.

**2. Criminal Law § 131—**

Upon conviction for the same offense upon retrial after sentence in the original trial has been vacated, defendant is not entitled to credit on the last sentence for the time served on the first.

APPEAL by defendant from *Froneberger, J.,* February, 1964 Criminal Term, BUNCOMBE Superior Court.

The defendant was indicted in the Superior Court of Buncombe County upon a charge of rape. At the December Term, 1961, he entered a plea of guilty of assault with intent to commit rape. This plea the State accepted. The court imposed a prison sentence of not less than 12 nor more than 15 years.

The defendant by *habeas corpus,* applied to the United States District Court for the Western District of North Carolina for release upon the ground his constitutional rights had been denied him in his State court trial. The District Court vacated the sentence and ordered that the case be retried within a reasonable time or dismissed. The case is reported in Federal Supplement 221, page 930. The State elected to retry the defendant.

At the retrial on the original indictment, the defendant, represented by counsel when arraigned, again entered a plea of guilty of assault with intent to commit rape. The State accepted the plea. The court imposed a prison sentence of five years. The defendant appealed.

*T. W. Bruton, Attorney General, Harry W. McGalliard, Deputy Attorney General for the State.*
*W. M. Styles for defendant appellant.*

PER CURIAM. The defendant raises two questions on this appeal: (1) Having placed the defendant on trial and failed to protect his constitutional rights, may the State try him for the second time for the same offense? (2) In case of a conviction and sentence at the second trial, is the defendant entitled to credit on the last sentence for the time he served under the first sentence?

This Court, in *State v. White,* 262 N.C. 52, 136 S.E. 2d 205, answered both questions. The answer to the first question is, yes. The answer to the second question is, no.

In the trial below, we find

No error.