STATE OF NORTH CAROLINA v. CHARLES SLADE.

(Filed 17 March, 1965.)

**1. Criminal Law § 131—**

Where a new trial is awarded upon defendant's own application, the fact that the sentence upon conviction at the second trial exceeds the sentence imposed upon conviction at the first is not ground for legal objection.

**2. Same; Constitutional Law § 36—**

Sentence within that allowed by statute cannot be cruel or unusual in the constitutional sense.

**3. Same—**

Where defendant is convicted of a felony on one count and of a misdemeanor on another, the fact that sentence imposed is excessive for conviction of a misdemeanor is immaterial when but one sentence is entered on the verdict of guilty on both counts and the sentence imposed is within that provided by statute for conviction of the felony.

ON *certiorari* from *Campbell, J.,* 29 July 1963 Session, Schedule "A", of MECKLENBURG.

Criminal prosecution on an indictment containing two counts: The first count charges that Charles Slade on 20 November 1962 at and in Mecklenburg County, with intent to commit larceny, did wilfully and feloniously break and enter a dwelling house and building occupied by one Walter Jones, a violation of G.S. 14-54; the second count charges

that defendant Charles Slade at the same time did unlawfully and feloniously steal and carry away a coat of the value of $15, the property of the said Walter Jones.

Plea: Not guilty. Verdict: Guilty of breaking and entering and larceny.

From a judgment of imprisonment in the State's prison for a term of not less than seven years nor more than nine years, defendant appealed in open court to the Supreme Court. Defendant was represented at this trial by his court-appointed attorney at law, Thomas H. Wyche of Charlotte. Wyche did not perfect his appeal. On 28 October 1963, Clarkson, J., presiding over a criminal session, Schedule "B", of Mecklenburg superior court, dismissed the appeal for failure to perfect it. We allowed defendant's petition for *certiorari* to review his trial on 10 September 1964, and ordered that "the superior court shall immediately appoint counsel other than Thomas H. Wyche to prosecute proceedings for appellate relief." On 15 September 1964 Clarkson, J., senior resident judge of the Mecklenburg County district, entered an order appointing Arthur Goodman, Jr., a practicing member of the Charlotte Bar and a member of the present General Assembly of the State of North Carolina, to perfect his appeal and to appear for him in the Supreme Court. The case on appeal and defendant's brief have been mimeographed in the same form as that of any other solvent appellant to this Court, and paid for at public expense.

*Attorney General T. W. Bruton and Deputy Attorney General Ralph Moody for the State.*
*Arthur Goodman, Jr., for defendant appellant.*

PER CURIAM. This is the prior history of this case: At the 3 December 1962 Special Criminal Session of the superior court of Mecklenburg County, Fountain, J., presiding, defendant Charles Slade was tried upon the same bill of indictment as in this case. He entered a plea of not guilty and was found guilty by a jury as charged in the indictment. The judgment of the court was that he be imprisoned in the State's prison for a term of not less than three years nor more than five years. At the 8 July 1963 Session, Schedule "C", of the superior court of Mecklenburg County, Brock, J., conducted a post conviction hearing to review the constitutionality of defendant Slade's trial at the 3 December 1962 Session, Schedule "A", of Mecklenburg, upon defendant Slade's petition for a writ of review alleging that he was tried without being represented by counsel. G.S. 15-217 *et seq.* Judge Brock entered an order vacating the verdict and judgment entered at defendant's trial on the ground that when he was tried at the 3 December 1962

Session, Schedule "A", of Mecklenburg, he was not represented by counsel and had not waived his right to have counsel, and ordered a new trial. Judge Brock appointed Thomas H. Wyche of Charlotte to represent defendant Slade on his retrial.

Defendant does not contend that the evidence was insufficient to carry the case to the jury, and to sustain its verdict. When defendant was arrested on the same day the offenses charged were committed, he was wearing under a topcoat Walter Jones' coat. There are no exceptions or assignments of error to the charge. There are two exceptions to the evidence, but defendant in his brief states that he abandons those exceptions.

Defendant assigns as error that it was unconstitutional and an abuse of discretion for Judge Campbell to have sentenced him to imprisonment in the State's prison for a term of not less than seven years nor more than nine years upon his retrial granted at his own request, when upon his prior trial and conviction before Judge Fountain on the same indictment he had received a sentence of imprisonment in the State's prison of not less than three years nor more than five years. On the second trial defendant was convicted of the same offenses on the same indictment. This assignment of error is overruled upon authority of *S. v. White,* 262 N.C. 52, 136 S.E. 2d 205, *cert. den.* ...... U.S. . ., 13 L. Ed. 2d 707 (1 February 1965); *S. v. Williams,* 261 N.C. 172, 134 S.E. 2d 163.

In addition: The first count in the indictment charges a violation of G.S. 14-54. This statute provides that if any person, with intent to commit a felony or other infamous crime therein, shall enter the dwelling house of another otherwise than by a burglarious breaking, he shall be guilty of a felony, and shall be imprisoned for a term of not less than four months nor more than ten years. Judge Campbell's judgment on the first count in the indictment was within the limits authorized by the statute, and this being true it does not offend constitutional provisions forbidding the infliction of "cruel or unusual" punishment. Moreover, the circumstances do not show that Judge Campbell abused his statutory discretion. *S. v. Welch,* 232 N.C. 77, 59 S.E. 2d 199; *S. v. Stansbury,* 230 N.C. 589, 55 S.E. 2d 185; *S. v. Cain,* 209 N.C. 275, 183 S.E. 300. The larceny of personal property from a dwelling by breaking and entering is a felony, G.S. 14-72, for which offense there can be imprisonment for ten years, G.S. 14-70. *S. v. Williams,* 261 N.C. 172, 134 S.E. 2d 163. The second count in the indictment does not charge larceny from a dwelling by breaking and entry, but charges merely larceny of a coat of the value of $15, a misdemeanor. Conceding that the conviction of defendant of larceny as charged in the second count in the indictment will not support a judgment of imprisonment for not less

than seven years nor more than nine years, this is of no benefit to defendant, because the verdict of guilty on the first count in the indictment is sufficient to support Judge Campbell's judgment that defendant be imprisoned for a term of not less than seven years nor more than nine years. It is to be noted that Judge Campbell gave one sentence of imprisonment on the verdict of guilty on both counts in the indictment. *S. v. Womack,* 251 N.C. 342, 111 S.E. 2d 332; *S. v. Oliver,* 213 N.C. 386, 196 S.E. 325.

No error.