STATE OF NORTH CAROLINA v. RUFUS GAINEY.

(Filed 13 October, 1965.)

**1. Criminal Law § 173—**

A post conviction hearing is not a trial nor a substitute for appeal, but is a remedy for determination by the court of the question of law whether defendant was deprived of any constitutional right in his original trial, and it is not necessary that defendant be present at his post conviction hearing. G.S. 15-221.

**2. Same—**

Upon *habeas corpus* subsequent to a conviction at a new trial held pursuant to order entered at a post conviction hearing, defendant may not object that his petition for a post conviction hearing did not request a new trial.

**3. Criminal Law § 26—**

A plea of former jeopardy does not pertain at a second trial procured by a defendant upon *habeas corpus* or a post conviction hearing.

**4. Same—**

A plea of guilty voluntarily entered at a second trial waives a plea of former jeopardy.

APPEAL by defendant from *Bone, E.J.,* Special Criminal Session 12 July 1965 of NASH.

The defendant at the November Session 1960 of the Superior Court of Nash County was tried upon indictments charging him with escape and robbery with firearms. He was convicted on both charges and sentenced to fifteen years for armed robbery and two years on the escape charge.

After serving 4½ years of the fifteen-year sentence, the defendant filed a petition for a post conviction hearing and sought his release pursuant to the provisions of the Post Conviction Hearing Act.

The court below, on 21 January 1965, appointed counsel to represent the defendant at the hearing on his petition for a post conviction hearing. The hearing was held at the March Session 1965 of the Superior Court of Nash County. The defendant was not present at the hearing but was represented by his counsel. It was found as a fact that the defendant was tried at the November Session 1960 of the Superior Court of Nash County on the charge of armed robbery and escape without the benefit of counsel. The court vacated the judgments entered at the November Criminal Session 1960 and ordered that the defendant be tried within a reasonable time on the original bills of indictment for escape and robbery with firearms.

On 4 May 1965, the defendant filed a petition for writ of *habeas corpus.* He demanded his outright release on the grounds (1) that his

constitutional rights were violated at his first trial, and (2) that his court-appointed counsel had obtained a new trial for him without his consent and without his presence in court.

At the May-June Criminal Session 1965 of the Superior Court of Nash County the defendant was heard on his petition for writ of *habeas corpus.* The petitioner made a motion to set aside the order granting him a new trial. However, after the petitioner testified at the hearing below, he then informed the court that he wished to withdraw his motion to set aside the order for a new trial and to permit the same to remain in force without prejudice to his right to challenge the validity of the order granting him a new trial. The court then entered an order to the effect that the order setting aside the original judgments remain undisturbed, with the right of the petitioner to question the same or except thereto as he is advised.

At the July Session 1965 of the Superior Court of Nash County, the two cases having been consolidated for trial, the case came on for trial on the original bills of indictment. The defendant entered a plea of guilty on both charges and signed a statement in open court to the effect that he was voluntarily entering a plea of guilty to said charges; that he knew the seriousness of the charges and understood the punishment that might be imposed; that he was entering the plea of guilty on such charges without being influenced against his will by anyone or without any promise or duress from anyone.

The court imposed a sentence of not less than twelve nor more than fifteen years for the offense of robbery with firearms, and not less than one nor more than two years on the escape charge, this latter sentence to begin at the expiration of the sentence for robbery with firearms.

The defendant appeals.

*Attorney General Bruton, Deputy Attorney General Harrison Lewis, Staff Attorney T. Buie Costen for the State.*

*Frederick E. Turnage for defendant.*

DENNY, C.J. The defendant entered no exceptions in the trial below and assigns no error on this appeal. He does, however, attempt to raise two questions in his brief. (1) Did the court below commit error in conducting a post conviction hearing in the absence of the petitioner and by granting relief not requested in the petition? (2) Did the court below err in denying the defendant's motion for dismissal of prosecution on the ground of former jeopardy?

The record does not contain exceptions upon which appellant's alleged errors may be grounded.

A post conviction hearing is not a trial. It is not designed to be a second day in court, nor is it a substitute for appeal. It is a post conviction remedy to determine whether a defendant was deprived of any constitutional right in his original trial. This is a question of law for the court. *S. v. Wheeler,* 249 N.C. 187, 105 S.E. 2d 615, and cited cases. Furthermore, there is no requirement that a defendant be present at a post conviction hearing. In pertinent part, G.S. 15-221 reads as follows: "The court may receive proof by affidavits, depositions, oral testimony, or other evidence, and the court shall pass upon all issues or questions of fact arising in the proceeding without the aid of a jury. In its discretion, the court may order the petitioner brought before the court for the hearing. * * *"

In the instant case, at the post conviction hearing, the petitioner was granted a new trial and thereafter elected to ratify the action of the court in granting such new trial.

On the second question above set out, when a prisoner obtains a new trial by virtue of a *habeas corpus* proceeding or a post conviction hearing, he accepts the hazards as well as the benefits of a new trial. *S. v. Anderson,* 262 N.C. 491, 137 S.E. 2d 823; *S. v. White,* 262 N.C. 52, 136 S.E. 2d 205. The plea of former jeopardy is without merit. Moreover, the appellant herein freely, voluntarily, without being influenced by anyone, without duress, and without promise of leniency, pleaded guilty to both offenses of which he was indicted. A subsequent plea of guilty constitutes a waiver of the plea of former jeopardy. 14 Am. Jur., Criminal Law, § 280, page 958.

In 21 Am. Jur. 2d, Criminal Law, § 209, page 253, *et seq.,* it is said: "A defendant waives his constitutional protection against double jeopardy when a verdict or judgment against him is set aside at his own instance either on motion in the lower court or on a successful appeal. This is also true where he merely asks that a judgment against him be vacated but the court goes beyond what he asks and orders a new trial. In such a case, the defendant may be tried anew on the same indictment for the same offense of which he was convicted, or he may be prosecuted on a new information charging the offense." *Green v. United States,* 355 U.S. 184, 2 L. Ed. 2d 199, 61 A.L.R. 2d 1119; *Murphy v. Massachusetts,* 177 U.S. 155, 44 L. Ed. 711; Anno: 61 A.L.R. 2d 1143.

The judgments imposed in the court below are

Affirmed.