**Jesse Garfield PATTON, Petitioner,**

v.

**Major Fred ROSS, Odom #500, Respondent.**

**Civ. No. 1838.**

United States District Court
E. D. North Carolina,
Raleigh Division.

May 3, 1967.

Douglas F. DeBank, Raleigh, N. C., for petitioner.

T. Wade Bruton, Atty. Gen. of North Carolina, by Theodore C. Brown, Jr., Staff Atty., Raleigh, N. C., for respondent.

BUTLER, Chief Judge.

The application of Jesse Garfield Patton, a state prisoner, for writ of habeas corpus in forma pauperis was denied for failure to exhaust available state remedies, without requiring an answer by respondent and without a plenary hear-

ing. Patton appealed and the Fourth Circuit Court of Appeals by memorandum decision [1] held that "[t]hough Patton had an available state remedy open to him at the time of the District Court's order that remedy is now foreclosed because of the further lapse of time," and remanded with directions to the District Court:

1. To determine whether petitioner's failure to apply to the Supreme Court of North Carolina for writ of certiorari from denial of relief at a post-conviction hearing [2] within the time prescribed by statute [3] was a knowing and intelligent waiver of his constituional rights and a deliberate bypass of his available state remedies; and

2. To afford petitioner an opportunity to submit appropriate amendments to his habeas application alleging (a) that he was unconstitutionally denied credit on his new sentence for time served under a vacated sentence,[4] and (b) that exhaustion of the state remedies with respect to the credit question would be futile because of recent decisions of the Supreme Court of North Carolina and "certain representations of the Attorney General of North Carolina."

On November 23, 1966, we entered an order allowing petitioner a reasonable time within which to file the amendments and, after the appointment of counsel,[5] petitioner filed an amended application for writ of habeas corpus, alleging (1) that he had been unconstitutionally denied credit, and (2) that exhaustion of state remedies with respect to the claim of credit would be futile.

## WAIVER

The court conducted an evidentiary hearing, and from the evidence there offered we make the following findings and conclusions:

1. Petitioner, in open court, voluntarily, intelligently, and knowingly waived all claims of constitutional infirmity which he had theretofore raised in all prior proceedings in the state and federal courts, except the claims of unconstitutional denial of credit and futility of exhaustion with respect to the credit claim.

2. In view of petitioner's waiver, a determination of the first mandated question is rendered unnecessary.

## CREDIT

Patton was tried for armed robbery at the March 1960 Term of the Superior Court of Caldwell County and was sentenced to 10 to 15 years imprisonment, service commencing March 11, 1960. By an order entered April 29, 1963, pursuant to a mandate by the Fourth Circuit Court of Appeals,[6] the United States District Court for the Middle District of North Carolina vacated the original conviction and sentence and directed the State to retry Patton within a reasonable time or release him. He was retried at the May 1963 Term of the Superior Court of Caldwell County and upon conviction was sentenced to 10 years imprisonment, service of the new sentence commencing April 14, 1964. The Supreme Court of North Carolina affirmed. State v. Patton, 260 N.C. 359, 132 S.E.2d 891 (1963); cert. denied, 376 U.S. 956, 84 S.Ct. 977, 11 L.Ed.2d 974 (1964).

It will be observed that the minimum length of the first sentence at the original trial in 1960 and at the retrial in 1963 was 10 years in each instance. Patton did not receive any credit at the

---

1. No. 10,996 (4 Cir. October 25, 1966).

2. N.C.Gen.Stat. § 15–217 to § 15–222.

3. N.C.Gen.Stat. § 15–222 allows 60 days from the entry of judgment in the lower court within which to apply for certiorari.

4. Petitioner alleged denial of credit in the affidavit in forma pauperis attached to his original application, but did not allege this claim in the body of his application.

5. Mr. Douglas F. DeBank of the Raleigh bar was appointed December 1, 1966. The court wishes to express its appreciation to Mr. DeBank and commend him for his professional skill in the representation of the petitioner.

6. Patton v. State of North Carolina, 315 F.2d 643 (4 Cir. 1963).

retrial on the *minimum* length of his sentence for the actual time spent in prison under the illegal sentence,[7] and the record fails to disclose any justification for the denial of credit. Therefore, the decision here is governed by our decision in Gainey v. Turner, 266 F.Supp. 95 (E.D.N.C. March 27, 1967), and we hold that, based upon the present record, Patton is entitled to credit on his May 1963 sentence for the *actual* time served under the voided March 1960 sentence.

Moreover, counsel have stipulated that Patton "earned and is entitled to be credited with" gained time, amounting to one year, five months, and twelve days, and emergency time, amounting to nineteen days, accumulated while serving the 1960 sentence. For the reasons stated in Gainey v. Turner, supra, Patton appears to be entitled to credit for the gained time and emergency time accumulated under the voided sentence; however, we do not believe the petitioner's right to such a credit is indefeasible.

State prison regulations, promulgated pursuant to N.C.Gen.Stats. §§ 148–11 and 148–13, provide, in part:

"§ 2–102. *Subject to forfeiture for misbehavior* [Emphasis ours.], inmates shall be allowed * * * gained time for good behavior * * *"[8]

Thus it is apparent that gained time is defeasible for bad conduct.

State law vests authority to determine allowance and forfeiture of gained time in the Director of Prisons to be exercised in his sound discretion. Therefore, the Director of Prisons in computing petitioner's release date should consider gained time and emergency time accumulated by Patton while serving his 1960 sentence,[9] unless, of course, Patton should forfeit such time by misbehavior.

Based upon the present record before this court, and, for the reasons stated herein, it is ordered and adjudged:

1. That the sentence imposed on Jesse Garfield Patton at the May 1963 Term of the Superior Court of Caldwell County upon his conviction of armed robbery is unconstitutional and void.

2. That the State of North Carolina file in the office of the clerk of this court in the Federal Building, Raleigh, North Carolina, on or before the 15th day of May, 1967, a statement certifying whether or not said State elects to resentence the petitioner, Jesse Garfield Patton.

3. That the State of North Carolina proceed to resentence said Jesse Garfield Patton within 60 days from the date of service of this order if said State should elect to resentence him.

4. That if the State of North Carolina does not elect to resentence said petitioner, or if said State should elect to resentence him and fail to do so within the sixty (60) days prescribed, this court will entertain a motion on behalf of the petitioner for an order releasing him from all restraint imposed by virtue of the sentence of 10 years imprisonment imposed at the May 1963 Term of the Superior Court of Caldwell County upon his conviction of armed robbery.

5. That the Director of Prisons, in computing petitioner's release date, consider gained time and emergency time accumulated by Patton while serving his 1960 sentence, unless Patton is held to have forfeited such time by misbehavior.

6. That the United States Marshall serve forthwith a copy of this order upon the Honorable W. Hampton Childs, Jr., Solicitor of the Sixteenth Solicitorial District of North Carolina, Lincolnton, N. C.; and the Honorable V. Lee Bounds, Director of Prisons of the State of North Carolina, Raleigh, N. C.; that the Clerk

---

7. It was stipulated that petitioner served actual flat time of 3 years, 1 month, and 18 days of the 10 to 15 year sentence.

8. General Policies, Rules and Regulations for the State Prison System.

9. "[Service on the vacated sentence] must be considered in determining defendant's gained time, if any, on account of good behavior." State v. Weaver, 264 N.C. 681, 687, 142 S.E.2d 633, 637 (1965).

shall serve a copy of this order by mail upon the Honorable T. Wade Bruton, Attorney General of North Carolina, Raleigh, N. C., and the petitioner, Jesse Garfield Patton.